CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
Phone: 702.701.4391
Fax: 877.858.7893
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>vs.<br><br>MICAH L. McGUIRE,<br><br>               Defendant. | Case No.  2:16-CR-00046-GMN-PAL<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PRETRIAL DETENTION** |

### **INTRODUCTION/FACTS**

    Micah McGuire ("McGuire") is a 31 year old Army veteran residing with his family in Arizona.  (Government's Memorandum in Support of Pretrial Detention, p. 3 (hereinafter "GM 3")).  His entire "criminal record" consists of an *arrest*, not a conviction, on drug charges from *2002*, according to information provided to the defense by the government.  There is no evidence to suggest that McGuire has been anything less than cooperative in dealing with the government since his indictment in the instant case.

//

While the allegations in this case are serious, the fact remains that there was no or negligible physical injury to government personnel caused by McGuire even assuming arguendo the truth of the allegations. The government has not alleged any history of unlawful injurious acts performed by McGuire, and information furnished by the government confirms that McGuire has no record of any violent acts since the alleged actions in the instant case.

The government asserts that McGuire went to the Bunkerville area with the intent to engage in lawless violence against federal authorities. (GM 2). In considering this allegation, it is important to remember two things.

One, the government also asserts that Cliven Bundy ("Bundy") had engaged in a 15-20 year campaign of opposition to or otherwise not complying with federal laws and regulations (GM 3-6); there are no allegations that McGuire's purported involvement in the Bunkerville situation began prior to his allegedly answering the call of Bundy.

Two, the government itself alleges in the Superseding Indictment that Bundy "used deceit and deception to recruit" in part by "flooding the internet with false and deceitful images and statements to the effect that law enforcement officers were abusing **BUNDY**" and that Bundy and his people bolstered their requests for assistance by "[d]eliberately lying…" (**See** pp. 2-3 of the Indictment in the instant case). [Emphases added.]

Were the government's representation of deceit by Bundy to be correct, then, assuming arguendo the accuracy of the government's representations and the allegations against McGuire, it is not clear whether there was *intent* to commit the alleged transgressions on the part of persons who answered the call of Bundy.

Based on the government's own representations, then, the government has not made a showing by clear and convincing evidence that pretrial detention is appropriate.

# ARGUMENT

With respect to the appropriateness of pretrial release or detention, 18 U.S.C. § 3142 provides a four point analysis: 1) the nature and circumstances (including alleged violence) of the alleged offenses; 2) the weight of the evidence; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger (or lack of danger) created by the defendant's release.  *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).  Probable cause of a 18 U.S.C. § 924(c) violation merely creates a *rebuttable* presumption that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community (18 U.S.C. § 3142(e)(3)(B); such probable cause certainly does not require pretrial detention where, as in the instant case, the available information suggests that the defendant poses neither risk of nonappearance nor risk of danger to the community.

**1) Nature of the charged offense.**  The charged offenses are serious but certainly not of the most serious criminal nature.  It is unclear, moreover, whether the charges, in and of themselves, warrant pretrial detention.  (**See** below).

**2) Weight of the evidence.**  The defense has not had the opportunity to review the discovery, of course, but much of the "weight" appears to consist of the government's assertions regarding, and characterizations of, events (e.g. the assertion that a car engine backfire would have prompted a firefight between federal enforcement agents and the others present), (GM 7), and there are legitimate questions, raised by the indictment, as to the possible impact of Bundy's alleged deceit on persons involved.

**3) History and characteristics of the defendant.** As discussed in the Introduction/Facts section above, **McGuire is a 31 year old Army veteran with a family and a conviction-free criminal record that is also bereft of violence** (he has one non-violent arrest, from 2002, that did not result in a conviction). According to the government, McGuire responded to the deceitful representations of Cliven Bundy but committed no or negligible physically injurious acts. Since the end of the Bunkerville situation (again according to information provide to the defense by the government), McGuire has not run afoul of government power.

**4) Nature and seriousness of danger (or lack thereof) posed by the defendant's release.** McGuire poses no danger to his community. He is a family man and Army veteran **with no criminal convictions** (according to the government). There is no evidence of any criminal activity following his alleged misdeeds in Bunkerville.

**Based on the four factors, there is clearly a combination of conditions that will ensure the safety of the community and McGuire's future appearances.** As discussed above, McGuire has a conviction-free record, the alleged malfeasance in this case would be isolated in nature, there is no evidence of subsequent similar conduct, and McGuire works and lives with his family in Arizona.

**Both community safety and future appearances could be assured with a combination of conditions such as the following:** <u>cooperate and comply with pretrial services; remain in Arizona absent express permission to leave the state (with an exception allowing travel to Nevada for Court purposes); refrain from criminal behavior; no contact with co-defendants; and no participation in protests, etc. against the Federal government</u>.

//

//

## CONCLUSION

For the reasons elucidated herein, McGuire clearly overcomes the rebuttable presumption that pretrial detention is required. The government has not demonstrated that McGuire is a danger to the community or that he poses a risk of non-appearance such that no conditions or combination of conditions would reasonably assure the safety of the community or his appearance at future proceedings. Thus, McGuire respectfully requests that the Court order pretrial release pending trial.

RESPECTFULLY SUBMITTED this 17th day of March, 2016.

CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
702.701.4391
Attorney for Defendant