UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>DAVE BUNDY,<br>　　　　　Defendant. | Case No. 2:16-cr-00046-PAL-GMN<br><br>ORDER<br><br>(Mot. Suppress – ECF No. 753) |

Before the court is Defendant Dave Bundy's ("Bundy") Motion to Suppress the Contents of His iPad and Car (ECF No. 753) which was referred to the undersigned for a decision. The court has considered the motion, supporting Sealed Exhibits (ECF No. 760), the Government's Response (ECF No. 925), Bundy's Reply (ECF No. 994), McGuire's Joinder (ECF No. 792), and the arguments of counsel at a hearing conducted December 13, 2016.

## BACKGROUND

### I.     The Indictment

Defendant Dave Bundy is charged in a Superseding Indictment (ECF No. 27) returned March 2, 2016, along with 18 other co-defendants, with:

- Count One – Conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Two – Conspiracy to impede or injure a federal officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Five – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Eight – Threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Ten – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 6, 2014.

- Count Twelve – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Fourteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen – Interstate travel in aid of extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

## II.     The Motion to Suppress

In the current motion, Dave Bundy seeks to suppress the results of an allegedly illegal arrest and seizure of his iPad and contents of his car on April 6, 2014. The motion states that on April 6, 2014, he traveled from his home in Delta, Utah to the Bundy ranch in Riverside, Nevada to give his mother flowers for her birthday. When he arrived, he observed Bureau of Land Management ("BLM") agents dressed as paramilitary officers in SWAT gear, and contracted cowboys who were utilizing a helicopter to round up Cliven Bundy's herd of cattle. Townspeople and protestors confronted BLM officers and questioned them about their actions in herding Cliven Bundy's cattle. The motion recites incidents in which BLM agents used excessive force, closed a portion of State Route 130, and threatened the use of deadly force. The motion indicates that BLM agents violently slammed Dave Bundy to the ground using excessive force, arrested him, and falsely claimed that his vehicle was blocking traffic. His arrest was caught on the dash cam of a BLM vehicle and is attached as Exhibit 1 to his motion. The video demonstrates that Dave Bundy was not blocking traffic, but that his car was parked off the highway and he was leaning against his car filming the BLM agents and the gunmen that BLM placed on the hilltops over State Route 170.

2

The motion to suppress argues Dave Bundy's iPad was unlawfully seized and its contents as well as the contents of his car should be suppressed because the iPad and car were searched without a warrant and without his consent. He also argues that the video of his arrest demonstrates that a BLM officer attempted to grab his iPad out of his hand. At the time he was seized, the BLM had no evidence to believe that Dave Bundy had committed any crime, only that he was filming the BLM and its activities. It is well established in the Ninth Circuit that filming government officials performing matters of public interest is a constitutionally protected right. Therefore, the iPad was illegally seized and its contents should be suppressed.

In the alternative, if the court determines that the iPad was seized incident to a lawful arrest, the contents of the iPad, and the contents of his car which was subsequently impounded, should be suppressed because Bundy was arrested in violation of his Fourth Amendment rights. No citation was ever filed against him. This is *prima facie* evidence that there was no probable cause for his arrest. Additionally, earlier on the day of his arrest on April 6, 2014, the BLM was attempting to make Bunkerville residents move from State Route 170 and requested Nevada Highway Patrol ("NHP") assistance. Exhibit 2 is a BLM body cam video from April 6, 2014. It shows that NHP declined to respond because the individuals were merely standing on the side of the road. A BLM agent is heard on the video at approximately 2:20 to 2:40 explaining that NHP could not write a ticket or tell people to leave because, under Nevada law, "they can be on the side of the road." Exhibit 2 at 3:00 to 3:30. The motion states that based on the dash cam video, an NHP sergeant arrived at approximately 11:30 p.m. to explain to the BLM agent that individuals could be parked by the side of the roadway. The NHP sergeant and BLM officers are overheard discussing arresting individuals and a BLM agent stated that the "U.S. Attorney's Office just put out 'no arrest authority, just cite them, and if they refuse, we will figure out who they are.'" This direction from the U.S. Attorney's Office, it is argued, demonstrates that Dave Bundy was arrested in the absence of probable cause.

Finally, the motion argues that although Dave Bundy was cited for blocking traffic, the video of his arrest demonstrates that Dave's silver sedan was parked on the side of the road and he was not blocking traffic, merely filming the officers with his iPad. At the time the officers

3

approached him, his iPad was in his right hand and he was speaking on the phone. An officer in a black tactical vest violently grabbed Dave Bundy's iPad, and when Bundy did not release the iPad, the officer picked Dave up and slammed him to the ground. Thereafter, a K9 officer walked a dog over and held the dog out just of reach while the dog barks and lunges. The video demonstrates that Dave Bundy was not blocking traffic, but the victim of excessive force apparently arising out of the fact that he "was attempting to capture the agency's inhumance [sic] treatment of the cattle on video."

### III.   The Government's Response

The government opposes the motion arguing that, as alleged in the indictment, on April 6, 2014, Bundy and his co-defendant brother Ryan Bundy "interfered with impoundment operations by positioning themselves to block a BLM convoy and refusing to leave the area when asked to do so." Failing to leave after the repeated requests Dave Bundy was arrested by law enforcement officers. These allegations are contained in ¶83 of the Superseding Indictment (ECF No. 27). The government claims that a couple of hours before Dave Bundy's arrest on April 6, 2014, his family members and supporters were in the same area when they were contacted by BLM law enforcement officers and asked to leave as the area was closed pursuant to a federal closure order. They did not leave until a Nevada Highway Patrol officer asked them to leave.

The government disputes that the recording of the encounter reflects BLM law enforcement officers were violent, lawless, or power hungry. Rather, according to the government, the recording of the encounter reflects BLM officers going to great pains, and relying on their local law enforcement counterparts, to avoid any confrontation with Bundy family members and supporters even after they announced they refused to recognize BLM's authority or respect federal closure orders.

According to the government, a short time later officers observed Bundy and others, including Ryan Bundy, position their vehicles on the two-lane State Route 170 close to and on either side of a narrow dirt road that provided the only point of exit for a BLM convoy exiting the ranch. Officers gave numerous commands to the Bundys to leave the area which had been administratively closed pursuant to federal regulations. The officers informed the brothers that

their failure to leave would constitute interference with the enforcement of a court order. However, they did not leave. The government claims that officers contacted Ryan Bundy who was in the driver's seat of a white van stopped in the middle of SR 170 across the road from where Dave Bundy stood with his iPad raised "as if using it to record images." Bundy was told repeatedly to leave the area as it was closed pursuant to a closure order, but told officers he was not going anywhere. After it was clear that Bundy was refusing the order to leave the closed area, he was advised the he was under arrest. Bundy allegedly refused to comply with the arrest and put his hands behind his back resisting the officer's efforts to put him in handcuffs. He was then taken to the ground where he tucked his arms under his body. After a few minutes of struggle, the officers were able to handcuff him and remove him from the scene. His iPad was booked into evidence and his car was inventoried and various items collected pursuant to the inventory. Bundy was transferred to the Henderson Detention Center and booked under charges including interfering with a court order and resisting arrest. He was released from federal custody the following day.

The government represents that Bundy was released from federal custody the following day, and on April 9, 2014 all items seized pursuant to the vehicle inventory or from his person were returned to him by BLM officers except for the iPad which was booked as evidence of his criminal conduct, and ultimately placed in the FBI's evidence control room where it remained at the time of the hearing. The government did not apply for a search warrant to search for and seize the contents of the iPad. The court should therefore deny the motion as moot. The government has not conducted a search of the contents of Bundy's iPad, although it does not "foreclose the possibility" that it may seek a search warrant in the future. Additionally, the government does not possess, or intend to use at trial, the contents of Dave Bundy's vehicle to the extent any such contents were seized on April 6, 2014. For both reasons, there is no evidence to suppress at this time, and the court should deny the motion without a hearing.

During oral argument counsel for Bundy argued that the government had refused to return the iPad to him, and that personal items in the vehicle at the time of the impoundment had been photocopied and produced in discovery. The government reiterated its arguments that as the iPad had never been searched, and the government could not access its contents without Bundy's

password. Therefore, the motion to suppress its contents was a "non-issue." Government counsel stated the government had no plans to apply for a search warrant for the contents of the iPad. Government counsel also reiterated representations that all other papers and personal items in the vehicle at the time it was impounded were returned to Bundy on April 9, 2014 after his release from federal custody.

Counsel for Bundy argued the government has impermissibly copied personal items found inside his client's vehicle at the time it was impounded, including his checkbook and FAA documents. Copies of his personal items were produced to the defendants in discovery. Counsel for Bundy also stated that he had demanded return of the iPad but the government had refused. Counsel believes the video Bundy was recording shortly before his arrest, and possibly other content on the iPad will be useful to his defense, and demanded its return.

### **DISCUSSION**

Bundy argues he was arrested without probable cause because the dash cam video attached to his motion indicates Nevada Highway Patrol Officers advised BLM it was not a state law violation for Bundy and other followers to be parked off the side of the road. Therefore, his Fourth Amendment right to be free from unlawful search and seizure was violated when officers seized his person and property. He relies on video showing his vehicle was not blocking traffic at the time of his arrest to support his arguments. He also maintains that the fact that misdemeanor citations were not ultimately filed is *prima facie* evidence his arrest was unlawful. The government argues Bundy was arrested because he was violating a federal closure order entered pursuant to federal regulations to facilitate the impoundment operation, and refused lawful orders to leave the area. The government also relies on Bundy's indictment on federal charges arising out of his conduct on April 6, 2014 to support its position Bundy was lawfully arrested, searched and seized.

The government affirmatively represented, orally and in writing, that it had returned all personal items inside Bundy's vehicle the day after Bundy's arrest, and had no intention of introducing any evidence from the interior of the vehicle at trial. The government also represented that it had not accessed the contents of Bundy's iPad, and could not do so without Bundy's password, which it did not have. Counsel for Bundy objected to the government's production of

photocopies of the personal items inside the vehicle, such as his checkbook and FAA documents, to co-defendants in discovery. Counsel for Bundy also wanted the iPad returned believing it contains information evidentiary and relevant to his defense, which he might want to introduce at trial. However, the parties were unable to agree on conditions of its return or on preservation and authentication terms.

At the hearing the court construed the motion to suppress as a motion for return of property pursuant to Fed. R. Cri, P. 41(g) and ordered the return of the iPad, directing that the parties meet and confer to agree on a forensic expert to make a mirror image of the contents of the iPad and deliver it to the clerk of court to maintain under seal. Based on the government's representations, the court will also preclude the government from introducing any physical evidence seized from Bundy's person or vehicle at the time of his arrest. The court will also preclude the government from having access to the contents of his iPad unless and until counsel for Bundy seeks to introduce its content in evidence.

A sealed envelope from Larry Smith of Nevada Digital Forensics addressed to the undersigned labeled "RE: Bundy iPad" was recently delivered to chambers, rather than to the clerk of court as directed at the hearing. The court will therefore direct the clerk of court to maintain the media contained inside the envelope under seal until further order of the court.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The Motion to Suppress (ECF No 753) is construed as a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g) and **GRANTED**.
2. The government is precluded from introducing any evidence seized from Bundy's person or vehicle at trial.
3. The government is precluded from having access to the contents of Bundy's iPad unless and until counsel for Bundy seeks to introduce its contents in evidence.
4. Should counsel for Bundy seek to introduce the contents of his iPad in evidence the government may apply for an order allowing access to its contents to examine authenticity and explore other potential evidentiary objections.

5. The clerk of court shall maintain the envelope delivered to chambers from Larry Smith, Nevada Digital Forensics labeled "RE: Bundy iPad" under seal until further order of the court.

6. McGuire's Motion for Joinder (ECF No. 792) is **DENIED** as he lacks standing to challenge the search and seizure at issue in Bundy's motion.

DATED this 22nd day of February, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

8