UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | **and** |
| MICAH L. McGUIRE, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| Defendant. | (Mot Dismiss – ECF No. 1792) |
| | (Mot Strike – ECF No. 1859) |

Before the court is Micah L. McGuire's Motion to Dismiss (ECF No. 1792) filed March 30, 2017. This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. Also before the court is the government's Motion to Strike Defendant's Pro Se Motion to Dismiss (ECF No. 1792) (ECF No. 1859) filed April 13, 2017. This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The government filed the Motion to Strike (ECF No. 1859) in response to McGuire's motion to dismiss.

**I.    Motion to Dismiss**

Mr. McGuire filed his motion to dismiss on March 30, 2017, while he was represented by counsel, Mr. Chris Arabia. On March 30, 2017 Mr. McGuire also filed a Motion to Dismiss Counsel (ECF No 1791) which the court set for hearing on April 13, 2017. The court conducted a sealed ex parte hearing with Mr. McGuire and his counsel, granted the motion and appointed substitute counsel, Randall Roske, the same day. Thus, McGuire has been continuously represented by counsel in this case.

As an initial matter, the motion was not timely filed. The court's case management order set an October 3, 2017 deadline for filing Rule 12 pretrial motions and notices. McGuire has made no attempt to show good cause for its untimely filing.

1

Additionally, Local Rule IA 11-6(a) provides;

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that **once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court**; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by counsel.

(Emphasis added.) As Mr. McGuire is and has been represented by counsel at all times he may not file documents with the court. The court heard from Mr. McGuire in open court concerning his request to dismiss former counsel and receive substitute appointed counsel, but will not entertain this motion.

**II. Motion to Strike**

The government's motion to strike requests that the court strike McGuire's motion to dismiss as he filed it pro se while represented by counsel. The government's motion to strike cites LR IA 10-6(a), the applicable Local Rule in effect before the May 1, 2016 amendments to the Local Rules of Practice. However, it correctly quotes language from the former Rule that prohibited a client represented by counsel from appearing or acting in the case. The 2016 Amendments clarify and expand on the old Rule.

For the reasons explained,

**IT IS ORDERED** that the government's Motion to Strike Defendant's Pro Se Motion to Dismiss (ECF No. 1792) (ECF No. 1859) is **Granted.**

**IT IS RECOMMENDED** that McGuire's Motion to Dismiss (ECF No. 1792) be **Denied** as untimely, and for being filed in violation of LR IA 11-6(a).

DATED this 2nd day of May, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE