# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MICAH L. McGUIRE,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot. for Joinder – ECF. No. 2102) |

This matter is before the court on Defendant Micah L. McGuire's Motion for Joinder (ECF. No. 2102) to Defendant Ryan Bundy's Motion to Reopen Detention or Alternatively, Grant Pretrial Release based on Due Process Violation (ECF No. 2069). The government filed a Response (ECF. No. 2117) to Ryan Bundy's underlying motion, which incorporated its arguments on the merits to the request for joinder. Magistrate Judge George W. Foley decided the motion to reopen, deferring the substantive due process arguments to the undersigned. *See* Order (ECF No. 2182). McGuire's joinder motion was inadvertently excluded from the court's recent Order (ECF No. 2336) granting the requests of other co-defendants, including Ryan Bundy, to join the substantive arguments presented in the Emergency Motion to Release Defendants on Due Process Grounds (ECF No. 2066). To avoid serial motions on the same issue, the court finds good cause to grant McGuire's joinder request *nunc pro tunc*.[1] *See In re Warren*, 568 F.3d 1113, 1116 n.1 (9th Cir. 2009) (citing *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998)).

Accordingly,

/ / /

/ / /

---

[1] The Latin phrase "*nunc pro tunc*" means *now for then*. The purpose of a *nunc pro tunc* order is to correct clerical errors in order to achieve the results the court intended at the earlier time. *See Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008).

1

**IT IS ORDERED:** Defendant Micah L. McGuire's Motion for Joinder (ECF. No. 2102) is GRANTED *nunc pro tunc* to the court's Sept. 1, 2017 Order (ECF No. 2336) granting defendants' motions for joinder. McGuire is granted leave to join in defendants' due process arguments.

Dated this 6th day of September, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE